## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANGELA PATERNOSTRO, ET AL**      **CIVIL ACTION**

**VERSUS**           **NO. 13-0662 C/W**
                **13-4953, 13-4954**
                **& 13-6602**

**CHOICE HOTEL INTERNATIONAL**    **SECTION "L" (5)**
**SERVICES CORP., D/B/A CLARION INN**
**AND SUITES, ET AL**

---

### FIRST SUPPLEMENTAL AND AMENDED COMPLAINT
### AND CLASS ACTION

   This First Supplemental and Amended Complaint and Class Action, brought by certain

persons of majority age both individually and for others similarly-situated, through undersigned

counsel respectfully represents that:

### PARTIES

1.

The named plaintiffs and proposed class representatives herein are:

  (a) Angela Paternostro, Robyn Ortego and Mercedes Paternostro, all Louisiana citizens of

    majority age residing and domiciled in the Parish of St. Tammany, State of Louisiana,

    who, as the surviving widow and children, respectively, of the decedent Russell

    Paternostro, assert claims for damages recoverable by both them individually and on

    behalf of the decedent for the period prior to his death;

  (b) Gwen Newberry and Robert Newberry, lawfully married spouses and Louisiana

    citizens of majority age, residing in the Parish of St. Tammany, State of Louisiana;

  (c) Marie Hesser, a person of majority age and a citizen of the State of Oklahoma, residing

in Payne County, State of Oklahoma; and

(d) Jason Beleto, a person of majority age and a citizen of the State of Louisiana, residing in the Parish of St. Tammany, State of Louisiana, who asserts claims for damages both individually, and on behalf of, and as the parent and guardian of, his minor child Cruz Beleto.

2.

The named defendants herein are:

(a) Choice Hotels International Services Corp., doing business as Clarion Inn and Suites (hereinafter referred to as "Choice"), a foreign business corporation which, at all times relevant hereto, was authorized to do and doing business within the Eastern District of Louisiana and the jurisdiction of this Court, and was the franchisor of the hotel and conference center business establishment located at 501 N. Highway 190, Covington, Louisiana 70433;

(b) Century Wilshire, Inc., doing business as Clarion Inn and Suites (hereinafter referred to as "Century Wilshire"), a foreign business corporation which, at all times relevant hereto, was authorized to do and doing business within the Eastern District of Louisiana and the jurisdiction of this Court, and was the franchisee, owner and operator of the hotel and conference center business establishment located at 501 N. Highway 190, Covington, Louisiana 70433;

(c) Century Surety Insurance Company, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a defendant

herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq*.;

(d) Merchants National Insurance Company, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a defendant herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq*.;

(e) Allied World National, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a defendant herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq*.;

(f) Lexington Insurance Company, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a defendant herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq*.;

(g) Scottsdale Insurance Company, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a defendant herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq*.;

(h) American Guarantee and Liability Insurance Company, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a

-3-

defendant herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq.*;

(i)   Ace Property and Casualty Insurance Company, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a defendant herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq.*

(j)   National Surety Corporation, a Fireman's Fund Insurance Company, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a defendant herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq.*

(k)   Ace Property and Casualty Insurance Company, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a defendant herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq.*

(l)   The Ohio Casualty Insurance Company, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a defendant herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq.*

(m) Chartis Specialty Insurance Company, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto within the Eastern District of Louisiana and the jurisdiction of this Court, which is made a defendant herein pursuant to the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:12698, *et seq*.

3.

At all times pertinent hereto, and specifically for the period June 27, 2011 to June 27, 2012, inclusive, defendant Merchants National Insurance Company had in full force and effect a general liability policy of insurance under the terms of which defendant(s) Choice and/or Century Wilshire, Inc. was/were the named insured(s), and which afforded primary, general liability insurance coverage for the matters, risks and claims made the subject of this action.   The precise terms and numbers embodied in said policy of insurance are incorporated herein by reference and specifically pled herein as if set forth *in extenso*.

4.

At all times pertinent hereto, and specifically for the period June 27, 2012 – June 27, 2013, defendant Century Surety Insurance Company had in full force and effect a general liability policy of insurance under the terms of which defendant(s) Choice and/or Century Wilshire, Inc. was/were the named insured(s), and which afforded primary, general liability insurance coverage for the matters, risks and claims made the subject of this action.   The precise terms and numbers embodied in said policy of insurance are incorporated herein by reference and specifically pled herein as if set forth *in extenso*.

-5-

5.

At all times pertinent hereto, and specifically for the period June 27, 2011 to June 27, 2013, inclusive, defendant Allied World National had in full force and effect general liability policies of insurance under the terms of which defendant(s) Choice and/or Century Wilshire, Inc. was/were the named insured(s), and which afforded umbrella and/or excess, general liability insurance coverage for the matters, risks and claims made the subject of this action.   The precise terms and numbers embodied in said policies of insurance are incorporated herein by reference and are specifically pled herein as if set forth *in extenso*.

6.

At all times pertinent hereto, and specifically for the period June 27, 2011 to June 27, 2012, inclusive, defendant Lexington Insurance Company had in full force and effect a general liability policy of insurance under the terms of which defendant(s) Choice and/or Century Wilshire, Inc. was/were the named insured(s), and which afforded excess, general liability insurance coverage for the matters, risks and claims made the subject of this action.   The precise terms and numbers embodied in said policy of insurance are incorporated herein by reference and are specifically pled herein as if set forth *in extenso*.

7.

At all times pertinent hereto, and specifically for the period June 1, 2011 – June 1, 2013, inclusive, defendant Scottsdale Insurance Company had in full force and effect general liability policies of insurance under the terms of which defendant Choice Hotels International was the named insured, and which afforded primary, general liability insurance coverage for the matters, risks and claims made the subject of this action.   The precise terms and numbers embodied in said

-6-

policy of insurance are incorporated herein by reference and specifically pled herein as if set forth *in extenso*.

8.

At all times pertinent hereto, and specifically for the period June 1, 2011 – June 1, 2013, inclusive, defendant American Guarantee and Liability Insurance Company had in full force and effect general liability policies of insurance under the terms of which defendant Choice was the named insured, and which afforded excess, general liability insurance coverage for the matters, risks and claims made the subject of this action.   The precise terms and numbers embodied in said policy of insurance are incorporated herein by reference and are specifically pled herein as if set forth *in extenso*.

9.

At all times pertinent hereto, and specifically for the period June 1, 2011 – June 1, 2012, inclusive, defendant ACE Property and Casualty Insurance Company had in full force and effect general liability policies of insurance under the terms of which defendant(s) Choice and/or Century Wilshire, Inc. was/were the named insured(s), and which afforded excess, general liability insurance coverage for the matters, risks and claims made the subject of this action.   The precise terms and numbers embodied in said policies of insurance are incorporated herein by reference and are specifically pled herein as if set forth *in extenso*.

10.

At all times pertinent hereto, and specifically for the period June 1, 2011 – June 1, 2013, inclusive, defendant National Surety Corporation, a Fireman's Fund Insurance Company, had in full force and effect general liability policies of insurance under the terms of which defendant(s)

-7-

Choice and/or Century Wilshire, Inc. was/were the named insured(s), and which afforded excess, general liability insurance coverage for the matters, risks and claims made the subject of this action.   The precise terms and numbers embodied in said policies of insurance are incorporated herein by reference and are specifically pled herein as if set forth *in extenso*.

11.

At all times pertinent hereto, and specifically for the period June 1, 2012 – June 1, 2013, inclusive, defendant Ohio Casualty Insurance Company had in full force and effect general liability policies of insurance under the terms of which defendant(s) Choice and/or Century Wilshire, Inc. was/were the named insured(s), and which afforded excess, general liability insurance coverage for the matters, risks and claims made the subject of this action.   The precise terms and numbers embodied in said policies of insurance are incorporated herein by reference and are specifically pled herein as if set forth *in extenso*.

12.

At all times pertinent hereto, and specifically for the period January 1, 2010 – January 1, 2013, inclusive, defendant Chartis Specialty Insurance Company had in full force and effect general liability policies of insurance under the terms of which defendant(s) Choice and/or Century Wilshire, Inc. was/were the named insured(s), and which afforded, environmental, excess and/or general liability insurance coverage for the matters, risks and claims made the subject of this action.   The precise terms and numbers embodied in said policies of insurance are incorporated herein by reference and are specifically pled herein as if set forth *in extenso*.

-8-

## JURISDICTION AND VENUE

### 10.

This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1332(a), inasmuch as the amount in controversy exceeds $75,000, exclusive of interest and costs, and plaintiffs and defendants are citizens of different states.

### 11.

In addition, this Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1332(c)(2), inasmuch as the class action allegations herein make said provisions applicable.

### 12.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1), inasmuch as a substantial part of the events or omissions giving rise to plaintiffs' claims occurred within the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

### 13.

At all times pertinent herein, guests and visitors at the hotel facility operated as the "Clarion Inn and Suites," located at 501 N. Highway 190, in Covington, Louisiana, were allowed to use and enjoy that hotel's hot tub/spa system, on the express or implied predicate that it was safe and did not pose a health risk for them to do so.

### 14.

Beginning in December of 2010, the defendant Choice, in its capacity, as a franchisor of

this hotel facility, conducted an inspection and prepared a product improvement plan (PIP) in conjunction with its franchise agreement requiring the defendant franchise Century Wilshire to provide an appropriate dehumidification system to the hot tub and spa area of the facility "to meet the franchisor's standards or to cure existing deficiencies after entering the Clarion Inn and Suites system" on a timeline unilaterally by Choice as 6 months "at which time the property would be reinspected".

15.

Nonetheless, Choice elected not to enforce this contractual requirement, and in spite of multiple inspections through and including on or about November 4, 2012, granted repeated and continuous waivers of same to Century Wilshire with the result that this dehumidification requirement was not satisfied when the hotel's hot tub and spa system began and continued to be used by hotel guests and visitors until on or about January 28, 2013.

16.

At all times pertinent hereto under the circumstances, Choice had the actual knowledge, authority and obligation to require its franchisee to correct the inoperative and/or insufficient dehumidification system in the atrium of the hotel but actively failed to do so by granting repeated waivers and thereby knowingly endangering the health and safety of patrons within the property.

17.

Between December 1, 2011 and January 28, 2013, the defendants Choice and/or Century Wilshire, as franchisor and owner/operator/franchisee, respectively, had the opportunity as well as obligation to use, or require the use, of proper disinfection techniques with a biocide, including Chlorine, for the operation of a hot tub/spa system made available to and used by guests at the

-10-

aforementioned hotel.   This failure to implement proper disinfection caused or allowed

Legionella and Pseudomonas aeruginosa to develop in the hotel's hot tub and spa system.

18.

Century Wilshire and Choice, at all times pertinent herein, had actual knowledge of an

inoperative and/or inappropriate dehumidification system in the atrium area of this same hotel

facility, and also knew or should have known that this lack of proper dehumidification created or

increased a public health risk by causing the amplification of hazardous and deadly Legionella and

Pseudomonas aeruginosa in the hotel's hot tub/spa system.   The lack of proper dehumidification

in turn allowed this contamination to spread to the other areas of the hotel which shared the same

HVAC system and/or air and water supply.

19.

At all times pertinent herein, Century Wilshire delegated the maintenance and disinfection

of the hot tub/spa to Marvin Gray, an untrained and unskilled maintenance employee who lacked

an adequate understanding of hot tub disinfection requirements, and/or the need for sufficient

amounts of chlorine in the system, and/or the necessary monitoring protocols for free chlorine

levels, PH, temperature and daily usage of the hot tub and spa system.

20.

At all times pertinent herein, Century Wilshire failed to maintain adequate and proper

maintenance records for the hot tub/spa, but the records that were maintained demonstrate that

appropriate chlorination and/or disinfection would have prevented the presence of Legionella and

Pseudomonas aeruginosa in the hot tub/spa system.   To the extent records are inadequate, it is

submitted, and presumed, they would further establish maintenance problems and deficiencies.

21.

The above actions and/or omissions of defendants combined to create an inadequately dehumidified as well as negligently maintained and operated hot tub/spa system at their hotel facility, which resulted in the amplified presence of Legionella and Pseudomonas aeruginosa in various parts of the hotel facility and caused injury to plaintiffs and putative class members, including even those who did not necessarily use the hot tub and spa system itself.

22.

Defendants Century Wilshire and/or Choice were advised on January 22, 2013 by public health officials with the State of Louisiana that samples from the hot tub and component parts thereof contained a high risk of Legionnaires disease.   Nonetheless, defendants failed to send notices of the hazard to prior guests, and still have failed to disclose this public health information to class members so that they might obtain appropriate medical monitoring and/or treatment because of their exposure to the above-referenced contamination.

23.

Many putative class members who are, or have been, symptomatic since their exposure, may remain undiagnosed because of the lack of appropriate notification of the exposure risks, and the resulting failure to undergo the specific medical testing which proper notification would provoke.

## LEGAL THEORIES AND CLAIMS

24.

Between January, 2011 and December 2012, class representative plaintiffs Gwen

Newberry, Marie Hesser and Cruz Beleto, as well as the decedent Russell Paternostro, were either registered guests and/or invitees authorized to be on the premises of the above-referenced hotel franchised, owned and/or operated by defendants.   Defendants Choice and Century Wilshire therefore owed a legal duty to plaintiffs and all similarly-situated class members to take reasonable measures to guard against, prevent, remediate, and/or mitigate, foreseeable public health hazards arising out of the conditions and use of the property.   Defendants Choice and Century Wilshire negligently breached this duty to plaintiffs and class members, rendering them liable on this basis and under Louisiana law for the resulting damages to the said plaintiffs individually and to members of the proposed plaintiff class.

25.

Defendants Choice and Century Wilshire had actual or constructive notice of the public health hazards associated with the water supply and pool/spa system of the defendant hotel property, but negligently and/or recklessly and willfully concealed and/or failed to disclose or warn about the hazards in a timely manner.   Defendants accordingly are liable on this basis and under Louisiana law for the resulting damages to the named plaintiffs' individually and to the members of the proposed plaintiff class.

26.

Defendants negligently failed to establish and/or follow accepted and recognized standards, protocols and procedures for inspection, monitoring and disinfection activities to prevent the public health risks caused and allowed to exist at the defendant hotel facility, thereby rendering them liable to plaintiffs on this basis under Louisiana law for the resulting damages to the named plaintiffs' individually and to the members of the proposed plaintiff class.

-13-

27.

In the process of entering into a franchise agreement for this hotel location in Covington, Louisiana, the defendant Choice became aware of the specific need for dehumidification of the premises area where the hotel's pool/spa system was in use, and yet failed to take appropriate steps to address this need.   The defendant Choice is accordingly is liable on this basis and under Louisiana law for the resulting damages to the named plaintiffs and to the members of the proposed plaintiff class.

28.

The defendant hotel property was in the separate and/or joint *garde* or custody of the defendants Choice and Century Wilshire at all times pertinent herein, and specifically during a time period when the public health crisis which is the subject of this action could have been prevented, and/or arose, and/or inflicted harm on plaintiffs and plaintiff class members. Accordingly, these defendants are liable to plaintiffs pursuant to Louisiana Civil Code Articles 2317 and 2317.1 for having failed to exercise reasonable care in preventing the hazardous and/or defective conditions of the property which caused harm to the named plaintiffs and plaintiff class members.

29.

As the owner of the defendant hotel facility at issue in this case, the defendant Century Wilshire, Inc. additionally is liable to plaintiffs under Louisiana Civil Code Article 2322, to the extent the harm caused herein was the result of this defendant's negligent failure to maintain, disinfect and/or remediate the property in a way that gave rise to a condition of injurious "ruin" within the meaning of said Article.

-14-

30.

The acts and omissions and legal fault of the employees, representatives, and agents of defendants Choice and Century Wilshire which are the subject of this action, all occurred within the course and scope of their employment, thereby rendering defendants liable for same pursuant to the doctrine of *respondeat superior*.

31.

All of the named plaintiffs and all of the members of the proposed class, as defined, were exposed to a public health hazard which was caused or allowed solely by defendants, without knowledge, notice or awareness on plaintiffs' part.   Accordingly, plaintiffs aver that the doctrine of comparative fault under Louisiana Codal Article 2323 is not applicable in these proceedings as to any plaintiff.

32.

Given the relationship between the defendants Choice and Century Wilshire, plaintiffs reserve the right to aver a collaborative pattern of conduct with knowledge of a public health risk, making the solidary liability provisions of Louisiana Civil Code Article 2324(A) applicable in these proceedings.

33.

To the extent defendants violated one or more provisions of state or federal public health laws or regulations designed and intended to protect the class of plaintiffs and named plaintiffs in these proceedings, the doctrine of negligence *per se* is specifically invoked by plaintiffs in these proceedings.

34.

To the extent the instrumentality of harm alleged herein was, at all times pertinent, within the actual or constructive control of defendants, and since the injuries alleged herein would not have occurred but for negligence or carelessness on the part of those responsible for the conditions and operation of the defendant hotel facility, plaintiffs aver that the doctrine of *res ipsa loquitur* is applicable herein.

35.

Plaintiffs reserve the right to argue for the application of the tort law and other legal principles of a foreign jurisdiction in these proceedings, pursuant to the conflicts and choice-of-law-principles of Louisiana.

36.

As a result of his exposure at the defendant hotel facility, the decedent Russell Paternostro incurred medical expenses for treatment and experienced personal injuries which caused him substantial physical pain and suffering, mental anguish, emotional distress, disability, economic loss, and the loss of life's pleasures prior to his death.   Plaintiffs Angela Paternostro, Robyn Ortego, and Mercedes Paternostro thus are entitled to and seek the recovery of damages from defendants pursuant to the provisions of the Louisiana survival action, as set forth in Louisiana Civil Code Article 2315.1.

37.

Russell Paternostro's death was caused or substantially contributed to by the aforesaid exposure at the defendant hotel facility.   Accordingly, plaintiffs Angela Paternostro, Robyn Ortego and Mercedes Paternostro are entitled to and seek the recovery of damages from

defendants for the wrongful death of their husband/father pursuant to the provisions of the Louisiana wrongful death action, as set forth in Louisiana Civil Code Article 2315.2.

38.

As a result of plaintiff Gwen Newberry's injurious exposure at the defendant hotel facility, she incurred medical expenses for treatment, and experienced personal injuries which caused substantial physical pain and suffering, mental anguish, emotional distress, disability, economic loss, and the loss of life's pleasures.   Plaintiff Gwen Newberry accordingly is entitled to and seeks the recovery of such damages from defendants.

39.

As a result of her injurious exposure at the defendant hotel facility, plaintiff Gwen Newberry also will require future medical treatment, services, surveillance, and/or procedures directly related to one or more disease processes resulting from the exposure which have become manifest since exposure, thus entitling her to seek and recover from defendants for the costs of same, consistent with the provisions of Louisiana Civil Code Article 2315(B).

40.

As a result of the injuries by his wife plaintiff Gwen Newberry, plaintiff Robert Newberry has suffered the loss of consortium, society, companionship, and services, entitling him to recover and seek damages for same from defendants.

41.

As a result of plaintiff Marie Hesser's injurious exposure at the defendant hotel facility, she incurred medical expenses for treatment, and experienced personal injuries which caused substantial physical pain and suffering, mental anguish, emotional distress, disability, economic

-17-

loss, and the loss of life's pleasures.   Plaintiff Marie Hesser accordingly is entitled to and seeks the recovery of such damages from defendants.

42.

As a result of her injurious exposure at the defendant hotel facility, plaintiff Marie Hesser also will require future medical treatment, services, surveillance, and/or procedures directly related to one or more disease processes resulting from the exposure which have become manifest since exposure, thus entitling her to seek and recover from defendants for the costs of same, consistent with the provisions of Louisiana Civil Code Article 2315(B).

43.

As a result of the minor child Cruz Beleto's injurious exposure at the defendant hotel facility, he incurred medical expenses for treatment, and experienced personal injuries which caused substantial physical pain and suffering, mental anguish, emotional distress, disability, economic loss, and the loss of life's pleasures.   Plaintiff Jason Beleto, Individually and as the father of/and natural tutor of the Cruz Beleto, accordingly is entitled to and seeks the recovery of such damages from defendants.

44.

As a result of his injurious exposure at the defendant hospital facility, the minor Cruz Beleto also will require future medical treatment, services, surveillance, and/or procedures directly related to one or more disease processes resulting from the exposure which have become manifest since exposure, thus entitling plaintiff Jason Beleto as his father and guardian to seek and recover from defendants for the costs of same, consistent with the provisions of Louisiana Civil Code Article 2315(B).

-18-

45.

As a result of the injuries by his minor child, plaintiff Jason Beleto also has suffered

negligent infliction of emotional distress as well as the loss of consortium, society,

companionship, and services, entitling him to recover and seek damages for same from

defendants.

## CLASS ACTION ALLEGATIONS

46.

Named plaintiffs propose that this matter proceed as a class action under Federal Rules of

Civil Procedure 23 on behalf of a class defined as:

> All non-employee registered guests and all non-employee attendees at organizational
> conferences or events who, between December 1, 2011 through January 28, 2013,
> inclusive, were exposed to Legionella and/or Pseudomonas aeruginosa from the water
> supply and hot tub, spa system of the hotel and conference center business establishment
> located at 501 N. Highway 190, Covington, Louisiana 70433, and who, since this
> exposure, have contracted the disease(s), or manifested the symptoms, of follicular
> dermatitis, pneumonia, bronchitis, shortness of breath, upper respiratory infection,
> Legionnaires disease, flu-like symptoms, respiratory failure, fever, Pontiac fever, organ
> failure, bone infection, swollen infected areas of the body, skin   redness, ear infection, ear
> pain, reduced ability to hear, facial paralysis, eye infection, eye pain, reduced vision,
> swollen eyelids, Cystic Fibrosis, coughing, reduced appetite, rapid breathing, enlargement
> of the abdomen, and/or skin infection, within the medically-recognized incubation
> period(s) for same following said exposure.

47.

The prerequisites for this matter to proceed as a class action are satisfied inasmuch as:

(1) The proposed class is so numerous that joinder of all members is impracticable,

   particularly considering the potential for geographical disbursement among the

   putative class members; and

(2) There are questions of law or fact common to the class, including, but not limited to:

(a) Whether or not the defendant(s) breached one or more of the legal duties alleged to have been breached herein;

(b) Whether or not any such breach of one or more legal duties was a legal or proximate cause of the injuries and damages complained of herein; and

(c) Whether or not the disease processes alleged herein as a result of exposure at the defendant hotel facility should be compensated through the recovery of monetary damages, and/or made the subject of appropriate declaratory or injunctive relief with respect to medical monitoring and surveillance in the future;

(3) The claims of the proposed class representatives are typical of the claims of members of the putative class; and

(4) The named plaintiffs, proposed class representatives, will fairly and adequately protect the interests of the putative class, and are represented by counsel who, as proposed class counsel, are experienced in class action procedures and may be expected to prosecute this matter in and for the best interests of class members.

48.

The Court's certification of the proposed plaintiff class is appropriate and necessary pursuant to Federal Rule of Civil Procedure [FRCP] 23(b)(1)(A), inasmuch as the prosecution of separate actions by individual class members would create a risk of inconsistent adjudications with respect to individual class members, establishing incompatible standards of conduct for the defendant(s).

49.

The Court's certification of the proposed class is necessary and appropriate pursuant to

-20-

FRCP 23(b)(2), inasmuch as the defendant(s) has/have acted on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

50.

The Court's certification of the proposed plaintiff class is necessary and appropriate pursuant to FRCP 23(b)(3), inasmuch as the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy herein.

51.

The determination of fault and/or the basis for assessing monetary damages sought herein on behalf of plaintiff class members, including the class representatives, may be adjudicated through the class action procedure without the necessity of contemporaneous trials as to the amounts due individual claimants, allowing the class action procedure to be utilized to establish guidelines for either settlement or for subsequent individual trials on damages, if and as necessary.

52.

All members of the proposed plaintiff class, through the above-designated class representatives, re-aver all of the aforesaid allegations of law and legal theories of fault, as a basis for their recovery of monetary damages and both declaratory and injunctive relief from defendants.

53.

The injunctive relief sought by and on behalf of plaintiff class members, through the designated class representatives herein, will and should oblige the defendant(s) to promulgate and

publish to all putative class members a fair and adequate notification concerning: the exposure

risks experienced by class members at the defendant hotel facility, the appropriate medical steps to

be taken by class members in order to seek appropriate guidance and/or evaluation and/or

treatment with respect to health issues resulting from exposure, and the defendants' payment of all

charges associated with an appropriate medical monitoring and surveillance program to address

the future health risks and needs of class members resulting from exposure.   The entry of interim

and/or permanent injunctive relief in this regard is warranted under law, given the public health

risks at issue in these proceedings, and the likelihood that plaintiffs will prevail on the merits with

respect to their claims of injurious exposure.

54.

Declaratory judgment relief is necessary and appropriate, and is sought by and on behalf of

the plaintiff class through the designated class representatives, to establish the rights of plaintiff

class members to appropriate public health information regarding the medical risks associated

with exposure at the defendant facility, as well as an appropriate medical surveillance and

monitoring program for future medical diagnostic procedures, evaluation, and/or treatment related

to the exposure.

55.

The monetary damages sought by plaintiff class members include, but are not necessarily

limited to, damages for past and ongoing physical pain and suffering, past and ongoing mental

anguish and emotional distress, past and ongoing economic loss, past and ongoing disability, the

past and ongoing loss of life's pleasures, and the past and ongoing cost of medical treatment,

including, but not limited to, the cost of medical monitoring for all putative class members as

-22-

defined in the above class definition.

56.

In addition, in cases where it is shown that deaths have occurred among plaintiff class members as a result of the exposure at issue herein, survival and wrongful death actions are being pursued by appropriate family members of decedents, the damages sought being inclusive of all elements allowable under Louisiana law (pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2) and/or the laws of any other foreign jurisdictions deemed applicable under Louisiana choice or law or conflict of law principles applied herein.

WHEREFORE, named plaintiffs, individually and on behalf of all members of the proposed plaintiff class, respectfully pray that, after class certification proceedings are conducted by the Court, this matter be certified under Federal Rules of Civil Procedure 23(b)(1)(A), and/or (b)(2), and/or (b)(3); and plaintiffs further pray for the entry of a judgment or judgments in favor of the named plaintiffs and all plaintiff class members and against defendants, awarding the monetary damages, declaratory judgment relief, and/or injunctive relief specified herein, as well as legal interest on all sums awarded from the date of demand until paid in full, all costs and disbursements of these proceedings, all attorney's fees as allowable under law, and any and all general and equitable relief as the Court may find justified.

NEW ORLEANS, LOUISIANA, this 17th day of January, 2014.

/s/ Shawn C. Reed_____
Shawn C. Reed (14304)
Kyle T. Del Hierro (21557)

-23-

Howard & Reed
516 N. Columbia Street
Covington, Louisiana 70433
Telephone: (985) 893-3607
Fax: (985) 893-3478
*Attorneys for Plaintiffs*

/s/ Ronnie G. Penton
Ronnie G. Penton (10462)
Maryanna Penton
The Penton Law Firm
209 Hoppen Place
Bogalusa, LA 70427
Tel: 985-732-5651
Fax:  985-735-5579
*Attorneys for Plaintiffs*

/s/ Paul A. Lea, Jr.
Paul A. Lea, Jr. (18637)
724 E. Boston Street
Covington, LA 70433-2910
Tel: 985-292-2300
Fax: 985-249-6006
*Attorney for Plaintiffs*

/s/ D. Douglas Howard, Jr.
D. Douglas Howard, Jr. (7021)
Jonathan Pedersen (32290)
839 St. Charles Avenue, Suite 306
New Orleans, Louisiana 70130
Telephone: (504) 581-3610
Fax: (504) 581-7509
*Attorneys for Plaintiffs*

/s/ Gerald E. Meunier
Gerald E. Meunier, #9471
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Phone: 504-522-2304
Toll Free: 800-489-2304
Fax: 504-528-9973
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2014, I electronically filed the foregoing with the Clerk

of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of

record who are CM/ECF participants.   I further certify that I mailed the foregoing document and

the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF

participants.

/s/ Gerald E. Meunier
GERALD E. MEUNIER