UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELA PATERNOSTRO, ET AL                          CIVIL ACTION

VERSUS                                             NO. 13-0662 C/W
                                                   13-4953 AND 13-4954

CHOICE HOTEL INTERNATIONAL                         SECTION "L" (5)
SERVICES CORP., D/B/A CLARION INN
AND SUITES, ET AL

*This document relates to all cases*
*************************************************************************

AMENDED SCHEDULING ORDER FOR MOTION PRACTICE
AND DISCOVERY/DEPOSITION ACTIVITY

Considering the unopposed motion of the plaintiffs representing approval by all parties,
(Doc. 211), the following Scheduling Order is entered to govern preliminary, dispositive motion
practice, discovery related to same, and discovery related to class certification.   The provisions of
this Order replace and supersede the Court's earlier Order for Discovery and Deposition Activity
Related to Class Certification (Doc. 55) and Amended Order for Discovery and Deposition
Activity Related to Class Certification (Doc. 66).

I.     FILING, BRIEFING AND DISCOVERY DEADLINES FOR PRELIMINARY,
       DISPOSITIVE MOTION PRACTICE

       The Court has ordered (Doc. 207) that the submission date and time for already-pending
dispositive motions (Rec. Docs. 148, 192, 193) is October 22, 2014 at 9:00 a.m.   Any and all
additional preliminary, dispositive motions shall be filed by August 26, 2014.   Plaintiffs'
opposition or reply memoranda in response to such motions shall be filed no later than September
26, 2014; and to the extent possible, plaintiffs shall file consolidated opposition and reply

1

memoranda.   Any defendant opposing such preliminary, dispositive motions shall file opposition or reply memoranda in response to such motions no later than September 26, 2014; and to the extent possible, the filer shall file consolidated opposition and reply memoranda.   Any and all reply memoranda on behalf of movants shall be filed by October 7, 2014.

These filing and briefing deadlines apply to preliminary, dispositive motions addressed to insurance coverage and/or to defenses available under FRCP 12(b) or under FRCP 56.   The parties' rights to file later motions addressed to the merits of claims or defenses, including motions under FRCP 56, are fully reserved by this Order.

Any and all written or deposition discovery deemed necessary as a predicate to the Court's consideration of preliminary dispositive motions, shall be completed by July 31, 2014.

II.   <u>CLASS CERTIFICATION DISCOVERY</u>

Discovery related to class certification shall commence no sooner than fourteen calendar days after the Court's final decision/ruling on the preliminary, dispositive motion practice governed by Section I of this Order.   Written discovery propounded before this Order and not yet responded to, shall be considered propounded on the date that class certification discovery commences.   For the conduct of deposition discovery related to class certification, the Court previously has confirmed by Order (Doc. 207) the dates set aside by counsel for these depositions.

On the commencement of discovery related to class certification, counsel shall confer with a view toward jointly submitting to the Court an order setting forth deadlines for written, fact and expert witness discovery related to class certification, the filing and briefing of the motion for class certification, and/or *Daubert* motions, and a proposed class certification hearing date available on the Court's calendar.

III.     <u>DOCUMENT DISCOVERY AND DEPOSITION PROTOCOL</u>

The following provisions apply for purposes of all discovery and deposition activity governed by this Order:

(A) <u>Document Production Generally</u>

Counsel shall develop and use a system of identifying, by unique number or symbol, each document produced or referred to in discovery, and throughout the course of this litigation.   If documents are produced by persons or entities not parties to this action, and those documents are not already produced, the party that requested the production shall be responsible for numbering the documents in accordance with this Order.

If any discoverable information is withheld on the basis of a claim of privilege or other protection, the party claiming the privilege or other protection shall provide a "Privilege Log" setting forth, with specificity, the nature of the privilege or protection asserted, the author and date of the document, the identity of all intended recipients of the document, the subject matter of the document, and a description of how the withholding party contends the alleged privilege or other production applies.

Production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege.

(B) <u>Depositions</u>

Counsel are expected to cooperate and be courteous to and with one another and all deponents.   To the extent possible, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually-convenient times and locations.   Notices of all depositions should be provided at least fourteen days prior to the scheduled deposition date, unless the parties agree to shorter notice.   Plaintiffs' counsel will designate no more than two attorneys for all plaintiffs to participate and ask questions in the conduct of each deposition.

Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness.   Absent agreement of the parties or order of this Court based on a showing of good cause, the length of depositions shall be controlled by Fed. R. Civ. P. 30(d)(1).   Counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

A deposition day shall commence at 9:00 a.m. and terminate no later than 5:30 p.m. local time, unless variations in this schedule are made by agreement of counsel who noticed the deposition and counsel for the witness.

When a privilege is claimed, the witness nevertheless should answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.   Any objection made at a deposition shall be deemed to have been

made on behalf of all other parties.   All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

Counsel shall refrain from engaging in colloquy during deposition.   The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used.   If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.   Counsel shall not make objections or statements which might suggest an answer to a witness.

Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent seeks to present a motion to the Court for termination of the depositions on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent.

Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted.   Unless prohibited by the Court for good cause shown, such consultations may be held during normal recesses or adjournments in the deposition, assuming no questions are pending.

Disputes arising during depositions which cannot be resolved by agreement and which, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or result in the need to conduct a supplemental

5

deposition, shall be presented to the Honorable Eldon E. Fallon, or his designee, by

telephone (504-589-7545).   If the Judge is not available, the deposition shall continue

with full reservation of rights of the examiner for a ruling at the earliest possible time.

Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to

Fed. R. Civ. P. 30(d)(3), file an appropriate motion with the Court at the conclusion of

the deposition, and appear personally before the Court.

(C) Documents Used in Connection with Depositions

All documents (including electronically-stored material) which have been

identified by counsel noticing a deposition as needed for that deposition, and

determined to be discoverable if an objection has been made, shall, to the extent

possible, be delivered to that counsel no less than 48 business-day hours prior to the

scheduled deposition. Third-party witnesses subpoenaed to produce documents shall,

to the extent possible, be served with the document subpoena at least thirty (30)

calendar days before a scheduled deposition.   Depending upon the quantity of

documents to be produced, a reasonable amount of time shall be afforded to

questioning counsel for inspection of the documents before the deposition examination

commences.

All documents previously produced and used as deposition exhibits shall be

referred to by the identifiers appearing on the documents which the parties have

adopted under Section III(A), *supra*.

Objections to the relevance or admissibility of documents used as deposition

exhibits are not waived, and are reserved for later ruling by the Court or by the trial

judge.

IV.     PRESERVATION OF EVIDENCE

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to these proceedings.   The duty extends to documents, data, test results, and tangible things in possession, custody and control of the parties to this action, including any employees, agents, contractors, carriers, bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action.   "Documents, data, test results and tangible things" is a phrase intended to be interpreted broadly, so as to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drivers, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image, files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material.   Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.   As to "tangible things," the definition of what is covered by this order shall be the same as the definition(s) set forth in Topic 11(A) associated with plaintiffs' second amended FRCP 30(b)(6) notice of the defendant Century Wilshire's deposition. Preservation includes the obligation not to alter any such thing as to its form, content or manner of filing.   Until the parties reach an agreement on a preservation plan or the Court orders otherwise,

7

each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.   Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties of the contents of this paragraph.   Failure to comply may lead to the dismissal of claims, the striking of defenses, the imposition of adverse inferences, or other sanctions available under the Court's authority.

Before any devices, tangible things, documents, and other records which are covered by these preservation provisions, are destroyed, altered or erased, counsel shall confer to resolve questions whether any such item or material should be preserved.   Counsel shall endeavor in good faith to conduct this conference within three calendar days of receipt of the initial notification of an intent to destroy, alter or erase the item or material in question.   Following this conference, any party still objecting to the intended destruction or alteration shall promptly file a motion setting forth the facts and/or applicable law supporting the objection, with the understanding that either party may seek an expedited hearing and resolution of this motion by the Court if necessary.

THIS DONE AND ENTERED the 27th day of _____ June _____, 2014, New Orleans, Louisiana.

_____
HONORABLE ELDON FALLON
UNITED STATES DISTRICT JUDGE