UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA PATERNOSTRO, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-0662 |
| CHOICE HOTEL INTERNATIONAL SERVICES CORP., D/B/A/ CLARION INN AND SUITES, ET AL. | SECTION "L" (5) |

**THIS DOCUMENT RELATES TO:    ALL CASES**

## ORDER

Before the Court is Defendants' Motion for Protective Order challenging Plaintiffs' proposed 30(b)(6) depositions (Rec. Doc. 572). Having considered the parties' briefs and the applicable law, the Court now issues this order.

This action arises out of the alleged presence of Legionella and Pseudomonas aeruginosa i.e., the causative agent of Legionnaire's disease, at the Clarion Inn and Suites Hotel in Covington, Louisiana. The parties are presently conducting discovery in this matter. Defendants Choice Hotels International, Inc. and Century Wilshire, Inc., the franchisor and franchisee of the hotel, seek to prohibit the Plaintiffs from issuing their proposed Rule 30(b(6) depositions of 45 non-parties, consisting primarily of organizations that responded to Hurricane Isaac in 2012.

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U .S.

340, 351 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross,* 23 F.3d 1091, 1096 (6th Cir.1994).

Given the broad treatment afforded discovery, Plaintiffs have the right to seek discovery in order to determine whether there was a Legionella outbreak at the Hotel, whether any additional individuals were exposed to the bacteria and, if so, where and when that exposure occurred.  Although the information sought may not be admissible at trial, it is nonetheless relevant for discovery purposes.  However, the number of depositions sought is excessive and raises questions of harassment as it seeks to encourage litigation rather than elicit information.

Accordingly, **IT IS ORDERED** that the Joint Motion for Protective Order (Rec. Doc. 572) be **GRANTED IN PART** and **DENIED IN PART**.  The Court will limit the number of Plaintiffs' proposed 30(b)(6) depositions to ten organizations that held meetings or conventions at the Hotel and booked rooms at the Hotel during the relevant time period, which is from January 1, 2012 through January 31, 2013.

New Orleans, Louisiana, this 3rd day of August, 2015.

UNITED STATES DISTRICT JUDGE