UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA PATERNOSTRO, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-0662 |
| CHOICE HOTEL INTERNATIONAL SERVICES CORP., D/B/A/ CLARION INN AND SUITES, ET AL. | SECTION "L" (5) |

**THIS DOCUMENT RELATES TO:    ALL CASES**

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Leave to File Fourth Supplemental and Amending Complaint and Class Action Allegations (R. Doc. 574). Having considered the parties' briefs, the applicable law, and oral argument on the motion, the Court now issues this Order and Reasons.

### I.     BACKGROUND

#### A.     Procedural Background

This action arises out of the alleged presence of *Legionella* and *Pseudomonas aeruginosa* (that is, the causative agent of Legionnaires' disease) at the Clarion Inn and Suites Hotel ("the Hotel") in Covington, Louisiana. Plaintiffs allege that Defendant Choice was the franchisor of the Hotel, and Defendant CWI was the franchisee, owner, and operator of the Hotel. Initially, several Plaintiffs brought this action in state court, both as individuals and as surviving heirs, alleging that on December 4, 2012, decedent Russell Paternostro was exposed to *Legionella* while attending a Rotary Club meeting at the Clarion Inn and Suites Conference Center ("Clarion"). CWI removed to this Court on the basis of diversity jurisdiction. Thereafter, this Court consolidated the case with several other related cases which alleged similar factual allegations. Plaintiffs then filed an amended complaint against the original Defendants and

various insurers, incorporating class allegations therein. (R. Doc. 94). Defendants filed amended answers. (R. Docs. 95, 98, 110, 140, 165, 177, 179, 200). Choice also filed crossclaims against CWI and various insurers. (R. Docs. 182, 183, 185, 331). CWI filed a crossclaim of its own against an insurer. (R. Doc. 293). Several insurers filed crossclaims of their own. (R. Doc. 208, 291, 292). As part of this litigation, Plaintiffs sued various insurers of Choice and CWI, pursuant to the Louisiana Direct Action Statute. Both primary and excess liability insurers have been made a part of this litigation.

### B. Factual Background

Plaintiffs include: (1) surviving relatives of the decedent, Russell Paternostro, specifically his widow Angela Paternostro, and his children Robyn Ortego and Mercedes Paternostro; (2) Gwen Newberry and Robert Newberry; (3) Marie Heeser; and (4) Jason Beleto. (R. Doc. 94). Plaintiffs, individually and as class representatives, allege that they suffered injury because of negligence of Defendants between December 1, 2011 and January 28, 2013. Putative class representatives allege that they were registered guests and/or invitees at the Hotel between January 2011 and December 2012 and that Defendants' negligence caused Plaintiffs to sustain personal injuries requiring medical treatment. Plaintiffs further alleged that this negligence caused or substantially contributed to the death of Russell Paternostro.

The Hotel has a spa area for their guests. The area contains a hot tub. According to Plaintiffs, Choice entered into a plan or agreement with CWI in December 2010 to provide a proper dehumidification system to the Hotel's hot tub and spa area. However, Plaintiffs say that Choice granted continuous waivers to CWI so that the dehumidification requirement went unsatisfied, in spite of multiple inspections. Plaintiffs also allege that Choice and CWI failed to properly disinfect the hot tub/spa system with a biocide. According to Plaintiffs, this negligent maintenance and operation resulted in the amplified presence of *Legionella* and *Pseudomonas*

*aeruginosa* in the Hotel's hot tub/spa system and that it spread through the Hotel, causing injury to Plaintiffs and putative class members. Plaintiffs allege that Louisiana state public health officials on January 22, 2013 warned Defendants that hot tub samples from the Hotel demonstrated a high risk of Legionnaires' disease.

### C.   Supplemental and Amended Complaints and Class Actions

A brief summary of the complaints may be useful here.  Plaintiffs filed their First Supplemental and Amended Complaint and Class Action on January 22, 2014 raising class action allegations and requesting certification pursuant to Rule 23(b)(1)(A), (b)(2), and (b)(3). (R. Doc. 94). Plaintiffs' allegations and theories of liability arise out of their alleged exposure to *Legionella* and/or *Pseudomonas aeruginosa* at the Covington Clarion between January 2011 and December 2012.  *Id.*  On February 12, 2015, Plaintiffs filed their Second Supplemental and Amended Complaint and Class Action, adding as defendants various insurers who had issued policies to Choice and/or CWI. (R. Doc. 502).  Thereafter, Plaintiffs filed a Third Supplemental and Amended Complaint and Class Action ("Third Complaint") on April 30, 2015, removing (b)(3) certification theories and removing all claims for monetary relief. (R. Doc. 520).  Plaintiffs now seek only injunctive and declaratory relief in the form of a publication notice regarding the pertinent health information concerning *Legionella* exposure in addition to the establishment of a medical monitoring program for putative class members. *Id.*

On March 16, 2015, pursuant to the Court's Order of February 12, 2015 (R. Doc. 501), Plaintiffs filed their Memorandum of Legal Authority for Class Certification, which submits that class certification on the issues of liability and general causation is appropriate under Rule 23)(c)(4).  (R. Doc. 515).

**II.     PRESENT MOTION**

Currently pending before the Court is Plaintiffs' Motion for Leave to File a Fourth Supplemental and Amended Complaint and Class Action. (R. Doc. 574).  The Fourth Complaint seeks to add Darrin R. Wood and his wife Jan B. Wood (collectively, the "Woods") as additional class representatives.  The Complaint alleges that Mr. Wood was dispatched to Covington, Louisiana where he stayed at the Hotel while performing storm cleanup work for his employer following Hurricane Isaac in September 2012.  It further alleges that, during his stay, Mr. Wood used the hot tub and shortly thereafter became severely ill with cold and flu-like respiratory symptoms.  (Rec. Doc. 574-2 at 4).  Mr. Wood reported to his wife by telephone on a daily basis that he was sicker than he had ever been, causing his wife severe emotional distress.  *Id.* Additionally, this Complaint removes the class action allegations seeking relief in the form of medical monitoring.  *Id.* at 21.

**A.     Law and Analysis**

Under FRCP 15(a)(2), a party may amend its pleading by leave of the Court, which should be freely given when justice so requires.  The Fifth Circuit has held that "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).  The Fifth Circuit has further held that absent a "substantial reason such as such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Id.* (internal quotations omitted).

Given the presumption in favor of granting parties leave to amend and the fact that much of the Fourth complaint is mooted by the Court's ruling on the motions to dismiss the class

4

action allegations, the Court does not find that a substantial reason exists to deny Plaintiffs their right to file a Fourth Supplemental and Amended Complaint.

## III. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File a Fourth Supplemental and Amended Complaint (R. Doc. 574) is **GRANTED**.

New Orleans, Louisiana, this 27th day of August, 2015.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE